UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **AllVoice Computing PLC,** § | |
| § | |
| Plaintiff, § | |
| VS. § | **CIVIL ACTION NO. H-02-4471** |
| § | |
| **Nuance Communications, Inc.,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

In this patent infringement case, Plaintiff AllVoice Computing PLC ("AllVoice") has filed a motion to compel Defendant Nuance Communications, Inc. ("Nuance") to respond to discovery requests regarding an infringement opinion issued by Nuance's counsel. AllVoice has filed, in the alternative, a motion *in limine*, seeking to exclude evidence of any infringement opinion that Nuance refuses to produce. After considering the parties' filings and the applicable law, the Court finds that AllVoice's motion, Docket No. 183, should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.

**I.      BACKGROUND**

In early October 2003, AllVoice first requested production of any infringement opinion obtained by Nuance. Nuance refused to acknowledge that such an opinion existed. Nuance did not produce a privilege log containing information about any withheld opinion. Later that month, AllVoice deposed Stijn Van Even, Nuance's Director of Development of the software product alleged to infringe AllVoice's patent. During that deposition, Van Even refused, on the advice of counsel, to answer questions pertaining to the existence or contents of any infringement opinion. (Van Even Dep. at 243-44.)

In December 2003, AllVoice requested a privilege log containing information about all withheld infringement opinions. Nuance declined to produce such a log on the grounds that the request was premature. AllVoice then filed a motion to compel the production of any infringement opinion obtained by Nuance or its predecessor in interest. The motion was denied by Judge Lynn Hughes, in whose court the case was then pending. Judge Hughes's opinion, however, concluded only that AllVoice was not entitled to discovery of any opinion obtained by Nuance's predecessor in interest, absent evidence that Nuance obtained the right to such an opinion when it acquired the product to which the opinion pertained. (*See* Order entered Feb. 6, 2004, Docket No. 78.) The order did not address AllVoice's request for any opinion obtained by Nuance itself. (*See id.*)

Throughout the discovery period, AllVoice continued to request information pertaining to any infringement opinion, or a privilege log pertaining to such an opinion. Nuance refused to produce either. Discovery closed on May 2, 2005. Ten days later, on May 12, 2005, AllVoice deposed Richard Palmer, Nuance's Chief Financial Officer.[1] During that deposition, Palmer testified that Nuance had obtained an infringement opinion from John Hayden, an attorney at Fish & Richardson P.C., in 2002. (Palmer Dep. at 90-92.) This was the first time that Nuance had indicated that an infringement opinion did in fact exist.

Also during Palmer's deposition, Nuance's counsel conceded that at least the existence of the opinion and the circumstances surrounding its creation were discoverable. (*Id.* at 94-95.) Palmer could not, however, provide much information

---

[1] Palmer's deposition was originally scheduled to take place during the discovery period but was rescheduled at Nuance's request.

about the issuance of the opinion. He testified that Richard Wong, Nuance's Assistant General Counsel, was the person most likely to have such information. (*Id.* at 91, 92, 110.) On August 19, 2005, AllVoice noticed the depositions of John Hayden and Richard Wong. Nuance objected to the depositions and indicated that it would not produce Hayden or Wong. To date, Nuance has not produced a privilege log regarding Hayden's infringement opinion.

AllVoice now moves the Court to compel Nuance to produce the infringement opinion, to respond to interrogatories and requests for production concerning the opinion, and to produce Hayden and Wong to be deposed. Nuance argues that the opinion is protected by the attorney-client privilege and that, because Nuance does not intend to rely upon the contents of the opinion to rebut the charge of willful infringement, it has not waived the privilege. AllVoice disagrees, urging the Court to find that Nuance waived the privilege by selectively disclosing information about the infringement opinion and by failing to produce a privilege log. In the alternative, AllVoice asks the Court to compel production as a sanction for Nuance's alleged concealment of the opinion's existence until after the discovery period had ended.

Despite its insistence that the *contents* of the opinion are privileged, Nuance contends that the *existence* of the opinion is discoverable and may be presented to the jury as a factor to be considered under the "totality of the circumstances" analysis of willfulness. AllVoice disagrees, arguing that Nuance's position is an impermissible attempt to use the attorney-client privilege as both a shield and a sword. AllVoice therefore moves, in the event that the Court denies its motion to compel, for exclusion of any evidence regarding the opinion.

## II. ANALYSIS

### A. The Motion to Compel

AllVoice first argues that Nuance waived the attorney-client privilege by selectively disclosing the contents of the opinion in a filing with the Securities and Exchange Commission (SEC), in which Nuance asserted that AllVoice's suit against it was meritless and that Nuance believed that it had not infringed AllVoice's patent. The letter did not mention any infringement opinion. A party's conduct constitutes an implied waiver of the privilege only where it would be "unfair for the client to invoke the privilege thereafter." 1 MCCORMICK ON EVIDENCE § 93 (John W. Strong, ed., 5th ed. 1999). A party's mere assertion that it is in the right and its opponent in the wrong does not constitute conduct prejudicing the rights of the opposing party and does not, therefore, give rise to an implied waiver.

AllVoice next contends that Nuance waived the privilege by failing to produce a privilege log. The Federal Rules of Civil Procedure provide that a party who declines to respond to a discovery request on grounds of privilege must, within 30 days of the request, "make the claim [of privilege] expressly and . . . describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." FED. R. CIV. P. 26(b)(5). AllVoice's true objection is that Nuance's failure to produce a privilege log prevented AllVoice from learning of the existence of the infringement opinion until after the close of discovery. In effect, then, AllVoice seeks a discovery sanction in the form of compelled production of the opinion.

It is undisputed that Nuance did not make an express claim of privilege and produce a privilege log describing the infringement opinion within 30 days of this Court's discovery order dated February 2, 2005. In light, however, of Nuance's assertion that it will not rely upon the opinion at trial, and of its willingness to produce a privilege log immediately, the Court declines to find that Nuance has waived "the oldest and most venerated of the common law privileges of confidential communications, [which] serves important interests in our judicial system." *United States v. Edwards*, 303 F.3d 606, 618 (5th Cir. 2002) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). AllVoice's motion to compel is therefore **DENIED**.

### B.     The Motion *in Limine*

AllVoice moves, in the alternative, for exclusion of all evidence concerning any infringement opinion that is not produced. AllVoice contends that the probative value of the fact of the opinion's existence, in the absence of evidence regarding its contents, is outweighed by the potential for prejudice. Nuance takes the contrary position, arguing that the existence of the opinion, but not its contents, is admissible.

"Willfulness requires a showing that the totality of the circumstances evince[s] the egregious conduct that constitutes willful infringement." *Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*, 408 F.3d 1374, 1377 (Fed. Cir. 2005). According to Nuance, the existence of the infringement opinion is a factor tending to show Nuance's lack of willfulness. Nuance argues, however, that AllVoice should be precluded from either (1) introducing evidence regarding Nuance's alleged failure to obtain the opinion *before* marketing the accused device or (2) drawing an adverse inference from Nuance's refusal to disclose the contents of the opinion.

In *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, the Federal Circuit held that, "where . . . a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing," including "the duty to seek and obtain competent legal advice from counsel before the initiation of any possible infringing activity." 717 F.2d 1380, 1389-90 (Fed. Cir. 1983). AllVoice contends that Nuance had actual notice of the potential for infringement and, therefore, that Nuance's alleged failure to obtain an infringement opinion before marketing the accused device constituted a breach of the *Underwater Devices* duty. According to AllVoice, if Nuance is permitted to introduce evidence regarding the existence of the opinion, AllVoice should be allowed to show that Nuance breached its duty to exercise due care.

In 2004, the Federal Circuit held that an alleged infringer's failure to obtain an infringement opinion cannot give rise to an adverse inference concerning the likely contents of any such opinion. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004). Accordingly, the Court finds that, even if Nuance violated the *Underwater Devices* requirement of due care, evidence of that violation is not admissible on the issue of willfulness. AllVoice may not, therefore, introduce evidence of Nuance's alleged failure to obtain a timely infringement opinion.

To permit Nuance to avoid the repercussions of such a failure and to refuse to disclose the contents of any opinion that it eventually did obtain, but allow it to benefit from the mere existence of such an opinion, would be to allow Nuance to use the attorney-client privilege and the applicable precedents as both shield and sword. In the interests of equity, therefore, the Court finds that no evidence concerning any

infringement opinion may be introduced by either party.  AllVoice's motion *in limine* is therefore **GRANTED**.

      **IT IS SO ORDERED**.

      **SIGNED** at Houston, Texas, on this the 10th day of January, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**