**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALLVOICE COMPUTING PLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **CIVIL ACTION NO. H-02-4471** |
| | § | |
| **NUANCE COMMUNICATIONS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's motion for reconsideration. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No.268, should be and hereby is **DENIED**.

**I.      BACKGROUND**

This is a patent infringement case involving speech recognition software. Plaintiff, a company organized under the laws of the United Kingdom, alleges that Defendant has infringed U.S. Patent No. 5,799,273 (the '273 patent), which teaches a software invention that is used to translate dictated words into text within a word processing program. The software records each spoken word and permits a user to play back the recording of a particular word by selecting that word in the text.[1]

On February 21, 2006, this Court granted summary judgment in favor of Defendant on the ground that the patent is invalid because it fails to disclose the best mode of practicing the claimed invention. Plaintiff now moves for reconsideration of that decision, arguing that genuine issues of material fact preclude summary judgment on the best mode defense.

---

[1] The playback feature permits the correction of recognition errors.

II.     ANALYSIS

A.     Legal Standard

A motion for reconsideration pursuant to FED. R. CIV. P. 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'"  *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984)).  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), and "is generally denied in the absence of 'substantial error' or 'unusual circumstances,'" *Westbrook v. Comm'r of Internal Revenue*, 68 F.3d 868, 879 (5th Cir. 1995) (quoting *CWT Farms, Inc. v. Comm'r of Internal Revenue*, 79 T.C. 1054, 1057 (T.C. 1982)).  It does not "provide[ ] the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994).

B.     Plaintiff's Motion

As support for its contention that the Court should vacate the grant of summary judgment, Plaintiff first argues that the best mode is a factual issue inappropriate for resolution at the summary judgment stage.  In the very case that Plaintiff cites for this proposition, however, the Federal Circuit granted summary judgment on the best mode question.  *See Robotic Vision Sys., Inc. v. View Eng'g*, 112 F.3d 1163, 1165 (Fed. Cir. 1997) ("We conclude that there is no genuine issue of material fact regarding the best

mode . . . .").  Thus, the best mode defense is not *per se* inappropriate for resolution at this stage.

Plaintiff next contends that the techniques found by the Court to constitute the best mode of the invention are not required by the patent itself and cannot, therefore, comprise the best mode.  As explained in the Memorandum and Order granting summary judgment, however, an embodiment need not be either necessary to the functioning of the invention or required by the patent to constitute a best mode that must be disclosed:

> Chemcast first argues that, because the '879 patent does not claim any specific material for making the locking portion of the grommet, [the inventor's] failure to disclose the particular material that he thought worked the best does not violate the best mode requirement.  This argument confuses best mode and enablement.  A patent applicant must disclose the *best* mode of carrying out his claimed invention, not merely *a* mode of making and using what is claimed.  A specification can be enabling yet fail to disclose an applicant's contemplated best mode. . . . Indeed, most of the cases in which we have said that the best mode requirement was violated addressed situations where an inventor failed to disclose non-claimed elements that were nevertheless necessary to practice the best mode of carrying out the claimed invention.

*Chemcast Corp. v. Arco Indus. Corp.*, 913 F.2d 923, 928 (Fed. Cir. 1990) (emphases in original; internal citation omitted).[2]

Plaintiff also argues that the Court has misapprehended the function of the Selrange macro, which the Court held to be part of the best mode.  The Court concedes that its summary judgment Memorandum and Order did not explicitly state that the Selrange macro interacts with the "hooking" feature of Microsoft Word to accomplish the desired functions.  The Court found, however, that the summary judgment evidence – including the deposition testimony of the inventors – established that the macro was part

---

[2] As the *Chemcast* language quoted above makes clear, Plaintiff incorrectly insists that the Court may look only to the claim limitations, and not to the specification, in conducting its best mode analysis.  In fact, the Court *must* examine the specification, which is the very portion of the patent to which the best mode requirement applies.

of the best mode of practicing the invention and, therefore, that the patentee was required to disclose it.  Nothing in Plaintiff's motion for reconsideration convinces the Court to abandon that conclusion.

Plaintiff next contends that factual issues persist regarding whether the patent adequately discloses the Selrange macro's functions and whether the macro and other aspects of the best mode were merely features of a specific commercial embodiment of the invention and not, therefore, subject to the disclosure requirement.  Plaintiff made both of these arguments in its summary judgment briefs, and the Court considered and rejected both in evaluating the motions for summary judgment.  The Court declines to revisit them now.

Accordingly, for the reasons stated herein and in the Memorandum and Order granting summary judgment, Plaintiff's motion for reconsideration is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 29th day of March, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**